# IN THE SUPREME COURT OF THE STATE OF DELAWARE

PETER KOSTYSHYN, §
§ No. 172, 2015
    Petitioner Below, §
    Appellant, §
§ Court Below—Superior Court
v. § of the State of Delaware,
§ in and for New Castle County
STATE OF DELAWARE, § C.A. No. N15M-03-156
§
    Defendant Below, §
    Appellee. §

Submitted: May 13, 2015
Decided: June 9, 2015

Before **STRINE**, Chief Justice, **HOLLAND**, and **VALIHURA**, Justices.

## O R D E R

This 9th day of June 2015, upon consideration of the rule to show cause, the appellant's response, and the record below, it appears to the Court that:

(1) The appellant, Peter Kostyshyn, filed a notice of appeal on April 7, 2015 from an order of the Superior Court, dated March 27, 2015, which dismissed his petition for a writ of habeas corpus. On the same day, the Senior Court Clerk sent a letter to Kostyshyn directing him either to pay the Court's required filing fee or else file a motion to proceed *in forma pauperis*. The Court provided Kostyshyn with an appropriate, blank *in forma pauperis* motion with instructions.

(2) On April 14, 2015, Kostyshyn filed a motion to proceed *in forma pauperis*. The motion did not comply with the Court's rules, among other reasons, because it was illegible, it omitted pertinent information including the estimated value of Kostyshyn's real estate and stock holdings, it failed to identify any prior litigation in which Kostyshyn was found by a Delaware court to have filed frivolous or malicious litigation, and it failed to include a notarized statement of his inmate account.

(3) On April 14, 2015, the Senior Court Clerk advised Kostyshyn that his motion did not conform to the Court's rules. He was given an additional two weeks to file an appropriate motion. He failed to comply. On April 30, 2015, the Chief Deputy Clerk issued a rule to show cause why the appeal should not be dismissed for Kostyshyn's failure to comply with the Court's prior directive.

(4) Kostyshyn filed a response to the notice to show cause on May 13, 2015. The response is difficult to understand. He appears to assert that he does not have access to all of the information that the Court requires. He asks the Court to supply him with information required by the motion and affidavit.

(5) We find Kostyshyn's response unavailing. It is the responsibility of the litigant, not this Court, to supply the information

2

necessary to make a determination of a litigant's status as a pauper. Under the circumstances, we dismiss this appeal for Kostyshyn's failure to diligently prosecute the appeal by refusing to comply with the Court's April 14, 2015 directive.

NOW, THEREFORE, IT IS HEREBY ORDERED that the appeal is DISMISSED.

BY THE COURT:

_____
Justice